UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action #:

**COMPLAINT AND JURY DEMAND**

FILED
IN CLERKS OFFICE

2013 JAN -9 A 11: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

-----------------------------------------------------------------------X

Chuan Wang
        Plaintiff,

vs.

International Business Machines Corp., CDI Corporation, and
Artech Information Systems LLC
        Defendants.
-----------------------------------------------------------------------X

Plaintiff, Chuan Wang, residing at 2 Kitson Park Drive, Lexington, Middlesex County, Massachusetts, by way of complaint against the defendants, International Business Machines Corp., CDI Corporation, and Artech Information Systems LLC, herein say:

**Parties**

1. The plaintiff, Chuan Wang is a resident of Lexington, Middlesex County, Massachusetts, and a citizen of the United States.

2. Defendant, International Business Machines Corp, has had main business office located at 1 New Orchard Road, Armonk, New York 10504.

3. Defendant, CDI Corporation ("CDI"), has had main business office located at 1717 Arch Street, 35th Floor, Philadelphia, PA 19103.

4. Defendant, Artech Information Systems LLC, has had main business office located at 240 Cedar Knolls Road, Suite 100, Cedar Knolls, New Jersey 07927.

**Jurisdiction**

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331. This action arises under laws of the United States and Massachusetts, including the Fair Labor Standards Act, the Age Discrimination in Employment Act.

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. The plaintiff resides in this district. Upon information and belief, all defendants are citizens of other than Massachusetts, but all do business in this district.

**Facts**

7. Prior to the commencement of this action, Plaintiff filed complaints against the defendants with Equal Employment Opportunity Commission (on January 13, 2009), Massachusetts Commission Against Discrimination (on March 16, 2009), and Massachusetts Attorney General office since June of 2008.

8. Plaintiff, Chuan Wang, is a 56 year-old Chinese-American and a US citizen.

9. Plaintiff is a Chinese and was born, raised and educated through his undergraduate degree in China.

10. In about February of 2008, Plaintiff was solicited by Artech and IBM for works as Plaintiff received an e-mail dated February 1, 2008 from Vishwadeep Sharma of Artech.

11. On February 22, 2008, Plaintiff was interviewed by a team of IBM for said works. Said work interview for IBM was arranged by Artech.

12. On about February 22, 2008, Artech informed Plaintiff that Plaintiff had the IBM job offer, and forwarded Plaintiff an Employment Agreement proposed by Artech.

13. Plaintiff believed many terms in said Employment Agreement are unlawful and unfair, therefore, unacceptable.

14. Plaintiff was told by Artech that his work was full-time, 8 hours per day, exclusively for IBM. Any overtime must be approved in advance by the supervisor of IBM. Plaintiff would be paid for his overtime work only if it was approved in advance by his supervisor of IBM. Otherwise, overtime work would be deemed as voluntary work without pay.

15. Plaintiff was also told by Artech that he was an exempt employee because his works were computer related. Therefore, he was not entitled to overtime pay rate for overtime work he performed, if any.

16. In February, March, and April of 2008, Plaintiff provided services of more than 158 hours for Artech.

17. From March 11, 2008 to March 28, 2008, Plaintiff performed a full-time service under the direction and control of IBM, and exclusively for IBM.

18. During about said 14 days, from March 11, 2008 to March 28, 2008, although Plaintiff actually spent more than 112 hours to perform his work for IBM, he assumed he was only entitled to claim the maximum of 8 hours per day, 112 regular hours in total, as he relied on Artech's representations and the fact that his overtime works were not approved in advance, and assumed he was an exempt employee.

19. On about March 28, 2008, said Plaintiff's work was terminated by the defendants.

20. Plaintiff has been unemployed since he was discharged from IBM on about March 28, 2008.

21. Plaintiff received no unemployment benefit since April of 2008 as the defendants made no contribution to unemployment insurance for Plaintiff as required by the laws and the regulations.

22. Defendants failed to pay Plaintiff for his services.

23. Subsequently, Plaintiff filed complaints against Defendants with the government agencies, and wrote a demand letter to Defendants for the unpaid wage.

24. Despite Plaintiff repeatedly requests, Defendants refused to pay Plaintiff for his services.

25. After Plaintiff's work for IBM was terminated on March 28, 2008, Plaintiff made many job applications to both CDI and IBM.

26. Since 2008, CDI repeatedly solicited Plaintiff for hundreds of works in many years.

27. CDI repeatedly requested Plaintiff for his resume for said works.

28. CDI and others also repeatedly submitted Plaintiff's resume to IBM for hundreds of works sought by IBM.

29. Plaintiff was arranged by CDI many times for the IBM work interviews by IBM.

30. Plaintiff was interviewed by IBM about five times for said IBM works.

31. Plaintiff believed he was well qualified to perform said works that were sought by IBM, as said works were similar to that performed by Plaintiff for IBM in March of 2008.

32. IBM repeatedly rejected each and every work application made by Plaintiff, continued for many years.

33. On about January 13, 2009, Plaintiff filed a complaint of age discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendants.

34. On about February 12, 2009, a complaint was filed against IBM and Artech in Massachusetts Concord District Court, and was dismissed later on ground of improper jurisdiction.

35. On about March 16, 2009, Plaintiff filed a complaint of employment discrimination with Massachusetts Commission Against Discrimination ("MCAD") against Defendants.

36. On about March 16, 2009, Plaintiff filed a complaint of employment retaliation with the Attorney General office against Defendants.

37. After Plaintiff filed his complaints in Massachusetts state courts, Attorney General Office, MCAD, and EEOC, IBM continued to seek hundreds of works for that Plaintiff was believed to be qualified.

38. Plaintiff's resume was submitted to IBM for said IBM works many times.

39. IBM rejected each and every work application made by Plaintiff for said IBM works even after the complaints filed in the state courts, and continued for many years.

40. On November 25, 2009, a complaint was filed against IBM and Artech in Massachusetts Superior Court, and was dismissed by Summary Judgment on July 28, 2011.

41. The appeal from Massachusetts Superior Court's dismissal is pending in Massachusetts Appeals Court.

42. On January 4, 2011, a Complaint was filed in this Court (Civil Action #: 1:11-CV-10009-RWZ), and was dismissed on December 9, 2011.

43. The dismissal was affirmed by US Court of Appeals for the First Circuit on December 10, 2021.

44. This action is based on Defendants' continuing retaliation actions against Plaintiff and continuing violations of the laws.

**Count One**

(in violation of the Fair Labor Standards Act against IBM and CDI)

45. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

46. After Plaintiff filed his complaint in Massachusetts Attorney General Office and the state courts, IBM continued to seek hundreds of works.

47. Plaintiff repeatedly made applications for said IBM works by submitting his resume many times via CDI.

48. Despite his qualifications, IBM rejected each and every Plaintiff's applications for said works sought by IBM.

49. Plaintiff was a prospective employee of both IBM and CDI.

50. IBM and CDI is a prospective employer of Plaintiff.

51. To seek his rights provided by the Fair Labor Standards Act, Plaintiff filed the complaints against Defendant for violations of the wage laws in the Attorney General office.

52. Motives for Defendant to reject Plaintiff's applications are to retaliate Plaintiff for seeking his rights provided by the Fair Labor Standards Act.

53. Defendant's action of retaliation by refusing to hire Plaintiff is in violation of the Fair Labor Standards Act.

54. After similar complaints filed in Massachusetts court, Defendant continued their retaliationary actions against Plaintiff.

55. As a result of the actions of Defendant, Plaintiff has suffered and will continue to suffer economical injuries, emotional distress, loss of teeth, and hearing loss. Otherwise Plaintiff would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for the following relief based on the Fair Labor Standards Act:

    A. Treble damages for Back pay,

    B. Front Pay;

    C. Costs of the litigation and attorney fees;

    D. Punitive damage;

    E. Other relief as the Court may deem just.

**Count Two**

(in violation of M.G.L. Chapter 149 Section 148A against IBM and CDI)

56. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

57. After Plaintiff filed his complaint in Massachusetts state courts, IBM continued to seek hundreds of works.

58. Plaintiff repeatedly made applications for said IBM works many times.

59. Despite his qualifications, IBM rejected each and every Plaintiff's applications for said works sought by IBM.

60. Plaintiff was a prospective employee of both IBM and CDI.

61. IBM and CDI is a prospective employer of Plaintiff.

62. To seek his rights provided by M.G.L. Chapter 149, Plaintiff filed the complaints against Defendants for violations of the wage laws in the Attorney General office.

63. Motives for Defendants to reject Plaintiff's applications are to retaliate Plaintiff for seeking his rights provided by M.G.L. Chapter 149.

64. Defendants' action of retaliation by refusing to hire Plaintiff is in violation of M.G.L. Chapter 149 Section 148A.

65. After similar complaints filed in Massachusetts court, Defendants continued their retaliationary actions against Plaintiff.

66. As a result of the actions of Defendants, Plaintiff has suffered and will continue to suffer economical injuries, emotional distress, loss of teeth, and hearing loss. Otherwise Plaintiff would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief based on M.G.L. Chapter 149 Section 150:

    A. Treble damages for Back pay,

    B. Front Pay;

    C. Costs of the litigation and attorney fees;

D. Punitive damage;

E. Other relief as the Court may deem just.

**Count Three**

(in violation of the Age Discrimination in Employment Act against IBM)

67. Plaintiff repeats and realleges the foregoing as though fully set forth below.

68. After Plaintiff filed his complaint in Massachusetts state courts, IBM continued to seek hundreds of works.

69. Plaintiff repeatedly made applications for said IBM works many times.

70. Despite his qualifications, IBM rejected each and every Plaintiff's applications for said works sought by IBM.

71. Plaintiff was a prospective employee of Defendant.

72. Defendant is a prospective employer of Plaintiff.

73. Plaintiff is 56 year-old and a member of protected group.

74. A determining factor in the rejection of Plaintiff's applications was his age.

75. Defendants' discriminatory actions against Plaintiff are unlawful and in violation of the Age Discrimination in Employment Act.

76. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer economical injuries and emotional distress. Otherwise Plaintiff would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

A. Treble damages for Back pay,

B. Reinstatement or front Pay;

C. Costs of the litigation;

D. Attorney fees;

E. Punitive damage;

H. Other relief as the Court may deem just.

**Count Four**

(in violation of M.G.L. Chapter 151B Section 4 against IBM)

77. Plaintiff repeats and realleges the foregoing as though fully set forth below.

78. After Plaintiff filed his complaint in Massachusetts state courts, IBM continued to seek hundreds of works.

79. Plaintiff repeatedly made applications for said IBM works many times.

80. Plaintiff was a prospective employee of Defendant.

81. Defendant is a prospective employer of Plaintiff.

82. Despite his qualifications, IBM rejected each and every Plaintiff's applications for said works sought by IBM.

83. Plaintiff is 56 year-old and a member of protected group.

84. A determining factor in the rejection of Plaintiff's applications was his age.

85. Defendants' discriminatory actions against Plaintiff are unlawful and in violation of M.G.L. Chapter 151B Section 4.

86. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer economical injuries and emotional distress. Otherwise Plaintiff would perform work and earn his wages.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

A. Treble damages for Back pay,

B. Reinstatement or front Pay;

C.     Costs of the litigation;

D.     Attorney fees;

E.     Punitive damage;

H.     Other relief as the Court may deem just.

**Count Five**

(in violation of Massachusetts Wage Laws, Mass. General Laws Chapter 151 §1A, against Defendants IBM, and Artech)

87. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

88. Plaintiff provided services for Defendants in February, March, and April of 2008.

89. Under the wage laws, Plaintiff was an employee of Defendants.

90. Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

91. Defendants intentionally misled Plaintiff that he was not entitled to be paid for his overtime work when overtime works were not approved in advance by his supervisor of IBM.

92. Defendants also intentionally misled Plaintiff that he was an exempt employee so that he was not entitled for overtime rate for his overtime work.

93. Defendants failed to pay Plaintiff for his overtime service performed and pay said works at one and one half times the regular rate.

94. Said failure is in violation of Massachusetts Wage Laws.

95. Defendants' violation is willful.

96. As a result of the actions of Defendants, Plaintiff had suffered economical injuries and emotional distress.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

A. Treble damages for loss of benefits, plus interests;

B. Costs of the litigation and attorney fees;

C. Order defendants to pay a civil penalty under M.G.L. Chapter 149, Section 27C.

D. Other relief as the Court may deem just.

**Count Six**

(in violation of Federal Wage Laws, Fair Labor Standards Act against Defendants, IBM and Artech)

97. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

98. Plaintiff provided services for Defendants in February, March, and April of 2008.

99. Under the wage laws, Plaintiff was an employee of Defendants.

100. Under the wage laws, Defendants shall be also deemed to be the employers of Plaintiff.

101. Defendants intentionally misled Plaintiff that he was not entitled to be paid for his overtime work when overtime works were not approved in advance by his supervisor of IBM.

102. Defendants also intentionally misled Plaintiff that he was an exempt employee so that he was not entitled for overtime rate for his overtime work.

103. Defendants failed to pay Plaintiff for his overtime hours at one and one half times the regular rate for his overtime service performed.

104. Said failure is in violation of Federal Wage Laws.

105. Defendants' violation is willful.

106. As a result of the actions of Defendants, Plaintiff had suffered economical injuries and emotional distress.

WHEREFORE, Plaintiff demands judgment against the defendants for the following relief:

A. Treble damages for loss of benefits, plus interests;

B. Costs of the litigation and attorney fees;

C. Other relief as the Court may deem just.

**Count Seven**

(Negligence against CDI)

107. Plaintiff repeats and re-alleges the foregoing as though fully set forth below.

108. CDI solicited Plaintiff for hundreds of works on behalf of IBM.

109. CDI repeatedly submitted Plaintiff's resume to IBM for hundreds of works sought by IBM.

110. Plaintiff was arranged by CDI many times for the IBM work interviews by IBM.

111. At least as a joint-employer, CDI owed Plaintiff a duty for Plaintiff not to be injured during employment engagement.

112. CDI breached its duty to Plaintiff when IBM repeatedly retaliated Plaintiff by rejecting Plaintiff's work applications for seeking his rights provided by the Fair Labor Standards Act, the Age Discrimination in Employment Act, and Massachusetts Employment Laws.

113. CDI's breach caused Plaintiff to suffer economical damages, including loss of income for many years.

WHEREFORE, Plaintiff demands judgment against Defendant, CDI Corporation for remedies available, including damages for loss of wages, loss of benefits, costs of the litigation, interest, and such other relief as the Court may deem just.

114. Plaintiff requests a trial by jury on any and all matters so triable.

Respectfully submitted,

/s/ Chuan Wang
Chuan Wang
Plaintiff, Pro Se
2 Kitson Park Drive
Lexington, MA 02421
781-836-4878
chuanwang@yahoo.com

Dated: January 7, 2013